'Gardiner, J.
 

 delivered the opinion of the court.
 

 It is obvious from the proof in the case, that the forfeiture above mentioned was resorted to as a mode of extinguishing the interest of Philip T. Roe, and his assignee, Sylvester M. Roe, in the premises contracted to be sold by Isaac Roe to the former. It did not, nor was it intended to impair or affect the rights of the complainant or defendant to the lot in question, whatever they might be. The utmost that the defendant can claim therefore, is that by the conveyance of Isaac Roe, on the 4th of June, 1846, he acquired all the title of his vendor, subject to the equitable rights of the defendant to that portion oí lot 66, which he occupied under his contract with Philip T. Roe, éxecuted the 25th of January, 1843. As between the complainant and Isaac Roe, the clear equity of the former was, that the latter should enforce collection of the amount due him from Philip T. Roe, by the original contract, out of his equitable interest in the lot, before resorting to the part sold to the complainant. There is no difference in principle between the lien of a vendor, under an agreement for the sale of land, part of which is subsequently sold by the vendee, and that of a mortgage, to secure the purchase money after a conveyance by the
 
 *292
 
 mortgagor under similar circumstances. In either case, equity would require that the lien should he satisfied by sale of the different parcels in the inverse order of their alienation.
 

 On a bill filed by Isaac Roe, to obtain satisfaction of the money due up'on the original contract with Philip T. Roe, making the complainant and defendant parties, the one as vendee and the other ás mortgagee of Philip, according to their respective interests in different parcels of the entire lot 66, a court of equity would direct the complainant to pay the balance due from him to Philip T. Roe, upon the contract between them, amounting to some thirty or forty dollars. 2d. That the part of the lot retained by Philip, and subsequently mortgaged by him to the defendant be sold, and if the sums thus realized were insufficient to discharge the demand, that then the equitable interest of the complainant in the parcel in his possession, should be sold for the deficiency. Now the forfeiture upon the 1st of June, 1846, was a mere substitute for a strict foreclosure of the equity of redemption, of Philip T. Roe, and his assignee, and intended to vest the whole title of lot 66, in Isaac Roe, subject to the equitable rights of the parties to this suit, as between themselves, and each of them and Isaac Roe. It is then established by the evidence, that the value of that part of the lot retained by Philip, mortgaged to the defendant, was at least equal to the sum due upon the original contract to Isaac Roe. This was the primary fund for the payment of that demand, after deducting the amount due from the complainant to P. Roe as we have seen. It follows, that if the title had been retained by Isaac Roe, after the forfeiture, he would have been compelled, upon payment of this sum, to have conveyed the title to the domplainant of the premises occupied by him, or to have exhausted his remedy against the part of the lot mortgaged to the defendant, in the first instance, before he could resort to the land of the complainant. The defendant, therefore, by accepting a conveyance from Isaac Roe, after being a party to the arrangement above mentioned, if he claims now to have succeeded to his rights, is bound by the equitable obligations oí his vendor, and must convey to the complainant on receiving the oalance due from the latter to Philip T. Roe.
 

 
 *293
 
 In the second place, the equitable interest of Philip T. Roe in the lot sold by him to the complainant, was a lien for the unpaid purchase money due from the latter; a lien which he could only enforce by procuring a conveyance to Crafts of the parcel of lot 66 embraced in their contract. Upon this interest the mortgage executed by P. T. Roe to the defendant attached, after notice actual and constructive of the rights of the complainant. If the defendant claims as the mortgagee of Philip T. Roe, and in that character has procured the legal title from Isaac Roe, he holds it as his mortgagor would have held it, in trust for the complainant, to he conveyed upon payment of the amount due upon the contract of P. T. Roe to the former. More than that sum has been tendered by the complainant, and refused by the defendant. Instead of the thirty or forty dollars to which he was entitled, he demanded four or five hundred as a condition of a conveyance. This he had no right to exact.
 

 The decree of the supreme court is right, and must be affirmed.
 

 Decree affirmed.1